**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RAY TEDESCO, TRUSTEE OF THE 1996 IRREVOCABLE TRUST FOR THE BENEFIT OF TERRI PAGANO, Derivatively On Behalf of SPRINT NEXTEL CORPORATION,<br><br>             Plaintiff,<br><br>     vs.<br><br><br>ROBERT R. BENNETT, GORDON M. BETHUNE, LARRY C. GLASSCOCK, JAMES H. HANCE, JR., DANIEL R. HESSE, V. JANET HILL, FRANK IANNA, SVEN-CHRISTER NILSSON, WILLIAM R. NUTI, and RODNEY O'NEAL,<br><br>             Defendants,<br><br>     - and -<br><br>SPRINT NEXTEL CORPORATION,<br><br>             Nominal Defendant. | Case No. 2:12-cv-02242-JTM-KGG<br><br><br><br><br>ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD COUNSEL AND RELATED MATTERS |

[Caption continued on following page.]

| | | |
|---|---|---|
| MICHAEL J. HARTLEIB, Derivatively On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Case No. 2:12-CV-002266-KHV-KMH |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DANIEL R. HESSE, ROBERT R. BENNETT, GORDON M. BETHUNE, LARRY C. GLASSCOCK, JAMES H. HANCE, JR., V. JANET HILL, FRANK IANNA, SVEN-CHRISTER NILSSON, WILLIAM R. NUTI, and RODNEY O'NEAL; | ) ) ) ) ) ) ) | |
| Defendants, | ) | |
| - and - | ) | |
| SPRINT NEXTEL CORPORATION, | ) ) ) | |
| Nominal Defendant. | ) ) ) | |
| JARED RICH and KURTIS FRIESEN, Derivatively On Behalf of Himself and All Others Similarly Situated, | ) ) ) ) | Case No. 2:12-cv-02294-KHV-KGS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DANIEL R. HESSE, ROBERT R. BENNETT, GORDON M. BETHUNE, LARRY C. GLASSCOCK, JAMES H. HANCE, JR., V. JANET HILL, FRANK IANNA, SVEN-CHRISTER NILSSON, WILLIAM R. NUTI, and RODNEY O'NEAL; | ) ) ) ) ) ) ) | |
| Defendants, | ) | |
| - and - | ) | |
| SPRINT NEXTEL CORPORATION, | ) ) | |
| Nominal Defendant. | ) ) | |

[Caption continued on following page.]

| | |
|---|---|
| NECA-IBEW PENSION TRUST PLAN, Derivatively On Behalf of Nominal Defendant, SPRINT NEXTEL CORPORATION,<br><br>             Plaintiff,<br><br>     **v.**<br><br>DANIEL R. HESSE, ROBERT R. BENNETT, GORDON M. BETHUNE, LARRY C. GLASSCOCK, JAMES H. HANCE, JR., V. JANET HILL, FRANK IANNA, SVEN-CHRISTER NILSSON, WILLIAM R. NUTI, and RODNEY O'NEAL;<br>             Defendants,<br>- and -<br>SPRINT NEXTEL CORPORATION,<br><br>             Nominal Defendant. | Case No. 2:12-cv-02336-JTM-JPO |
| STEPHEN ROBACZYNSKI, Derivatively on Behalf of Himself and All Others Similarly Situated,<br><br>             Plaintiff,<br><br>     **v.**<br><br>DANIEL R. HESSE, ROBERT R. BENNETT, GORDON M. BETHUNE, LARRY C. GLASSCOCK, JAMES H. HANCE, JR., V. JANET HILL, FRANK IANNA, SVEN-CHRISTER NILSSON, WILLIAM R. NUTI, and RODNEY O'NEAL,<br><br>             Defendants,<br>- and -<br>SPRINT NEXTEL CORPORATION,<br><br>             Nominal Defendant. | Case No. 2:12-cv-02354-KHV-KGS |

Before the Court is a Joint Stipulation and Agreement ("Joint Stipulation") filed in each of the above-captioned five actions pending in this District, which are: (i) *Pagano v. Hesse, et al.,* Case No. 2:12-cv-02242-JTM-KGG filed April 30, 2012 (amended as *Ray Tedesco, Trustee of the 1996 Irrevocable Trust for the Benefit of Terri Pagano v. Hesse, et al.*); (ii) *Hartleib v. Hesse, et al.*, Case No. 2:12-CV-002266-KHV-KMH filed May 9, 2012; (iii) *Rich et al. v. Hesse, et al.*, Case No. 2:12-cv-02294-KHV-KGS filed May 17, 2012; (iv) *NECA-IBEW Pension Trust Plan v. Hesse, et al.*, Case No. 2:12-cv-02336-JTM-JPO filed May 30, 2012; and (v) *Robaczynski v. Hesse, et al.*, Case No. 2:12-cv-02354-KHV-KGS filed June 6, 2012. Collectively, these actions are referred to as the "Consolidated Action."

For good cause shown, the Joint Stipulation is GRANTED and it is hereby ORDERED that:

1. Service of the complaints in the above-captioned shareholder derivative actions will be accepted on behalf of all Defendants as of the date the Court endorses this stipulation and Order.

2. The above-captioned shareholder derivative actions are hereby consolidated for all purposes, including pre-trial proceedings and trial.

3. The caption of the Consolidated Action shall be as follows:

| IN RE SPRINT NEXTEL DERIVATIVE LITIGATION | ) ) | Lead Case No. 2:12-cv-02242-JTM-KGG |
|---|---|---|

4. The files of the Consolidated Action shall be maintained in one file under Master File No. 2:12-cv-02242-JTM-KGG.

5. Lead Counsel for the plaintiffs in the Consolidated Action are:

1

| **Morgan & Morgan, PC**<br>Peter Safirstein<br>Chris Polaszek<br>5 Penn Plaza - 23rd Floor<br>New York, NY 10001<br>212-564-1637<br>Fax: 212-564-1807<br>Email: psafirstein@forthepeople.com | **Glancy Binkow & Goldberg LLP**<br>Ex Kano S. Sams, II<br>Lionel Z. Glancy<br>Michael M. Goldberg<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>310-201-9150<br>Fax: 310-201-9160<br>Email: esams@glancylaw.com |
|---|---|
| **The Briscoe Law Firm, PLLC**<br>Willie C. Briscoe<br>The Preston Commons<br>8117 Preston Road, Suite 300<br>Dallas, TX 75225<br>214-706-9314<br>Fax: 214-706-9315<br>Email: wbriscoe@thebriscoelawfirm.com | **Saxena White, P.A.**<br>Maya Saxena<br>Joseph E. White, III<br>Lester Hooker<br>Christopher S. Jones<br>2424 North Federal Highway, Suite 257<br>Boca Raton, FL 33431<br>561-394-3399<br>Fax: 561-394-3382<br>Email: msaxena@saxenawhite.com |

6.   Lead Counsel shall coordinate all work assignments among the plaintiffs in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Morgan & Morgan, PC shall be designated as the sole law firm having authority to speak for the plaintiffs to counsel for the Defendants with respect to all pre-trial matters, including discovery.

7.   No motion, request for discovery, or other pre-trial proceeding shall be initiated, filed, or served by any plaintiff except through Morgan & Morgan, PC. Service on Morgan & Morgan, PC shall be sufficient as notice to plaintiffs in the Consolidated Action through all pre-trial proceedings.

8.   The Consolidated Action is hereby stayed by consent of the parties (the "Stay By Consent"). The Stay By Consent shall remain in effect until the later of (i) notice of entry of an order by the New York State Supreme Court granting, denying, or granting in part and denying

in part the pending motion to dismiss the New York Attorney General Action; and (ii) a successful effort by the plaintiff in the New York Attorney General Action to obtain discovery from the defendants in the New York Attorney General Action. Accordingly, Defendants need not answer or otherwise respond to any of the complaints that have been filed in the above-captioned shareholder derivative actions to date.

9. The parties agree that the portion of this stipulation providing for the expiration of the Stay By Consent is not a concession by any party that a stay is no longer appropriate, or a waiver of any argument that the Consolidated Action should be or remain stayed following the expiration of the Stay By Consent. All parties reserve all rights and arguments regarding the appropriateness of a stay following the expiration of the Stay By Consent.

10. Within 45 days following the expiration of the Stay By Consent, Lead Counsel will either dismiss the Consolidated Action or file a consolidated amended complaint (the "Consolidated Amended Complaint"). If filed, the Consolidated Amended Complaint shall be deemed the only operative complaint in the Consolidated Action.

11. Defendants will answer or otherwise respond to the Consolidated Amended Complaint within 45 days following the filing of the Consolidated Amended Complaint. Consistent with paragraph 9, this response may consist of one or more motions, including a motion to dismiss or a motion to continue or reinstitute the stay in this case. Nothing in this stipulation shall be with prejudice to any party's right to make any argument or motion with respect to the viability or sufficiency of the Consolidated Amended Complaint.

12. Should any shareholder derivative action(s) subsequently be filed in or transferred to this Court on behalf of Sprint Nextel that arise(s) in whole or in part from alleged facts or claims that are substantially related to the Consolidated Action and/or that concern(s) the subject

matter addressed in the complaints in the above-captioned shareholder derivative actions, the parties shall notify the Court. The parties may provide the order approving this Joint Stipulation to counsel in the later-filed action(s).

13. The parties enter into the foregoing stipulation without prejudice to any of their other rights, interests, arguments, or positions, which they expressly reserve.

SO ORDERED.

DATED: June 26, 2012                             s/ J. Thomas Marten
                                                 J. Thomas Marten
                                                 U.S. District Court Judge